UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL R. JONES,

    Plaintiff,

v.

    Case No. 16-14349
    Honorable Denise Page Hood

K. PARSONS, *et al.*,

    Defendants.

_____/

# ORDER DENYING PLAINTIFF'S REQUEST TO HAVE THE COURT MAKE COPIES OF HIS COMPLAINT AND DISMISSING HIS COMPLAINT WITHOUT PREJUDICE FOR WANT OF PROSECUTION

## I. Introduction

State prisoner Samuel R. Jones ("Plaintiff") commenced this action by filing a *pro se* civil rights complaint and an application to proceed without prepayment of the filing fee in the United States District Court for the Western District of Michigan. On December 14, 2016, a United States Magistrate Judge in the Western District of Michigan granted Plaintiff's application to proceed without prepayment of the filing fee and then transferred the case to this District.

Upon receipt of the file in this District on December 16, 2016, United States Magistrate Judge R. Steven Whalen ordered Plaintiff to provide the Court with nine copies of his complaint for service on the nine defendants. Magistrate Judge

Whalen warned Plaintiff that his failure to submit the required copies could result in the dismissal of his complaint.

On January 3, 2017, the Court received Plaintiff's written response to Magistrate Judge Whalen's deficiency order. Plaintiff states in his letter that he does not have sufficient funds to make copies of his complaint and mail them to the Court. He has asked the Court to make the copies for him.

## II. Discussion

Under Federal Rule of Civil Procedure 4(c)(3), the Court must order a United States marshal or deputy marshal to serve a complaint if the plaintiff was authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915. Nevertheless, "[t]he plaintiff . . . must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1).

Although Plaintiff was granted leave to proceed *in forma pauperis* under § 1915, he failed to comply with Magistrate Judge Whalen's order to submit copies of his complaint to the Court for service on the defendants. As noted above, he claims that he lacks the necessary funds to make copies of his complaint. The Michigan Department of Corrections, however, has a policy directive which permits the Department to provide indigent prisoners with copies of court documents. The policy directive reads in relevant part:

M. Prisoners shall be provided photocopying services . . . to obtain copies of documents in their possession, . . . which are necessary for the prisoner to file with a court or serve on a party to a lawsuit. Prisoners shall use the Legal Photocopy Disbursement Authorization form (CSJ-602) to request photocopying; the forms shall be available to prisoners in the housing unit and institutional law libraries. A fee of 10 cents shall be charged for each page copied.

N. Prisoners who lack sufficient funds to pay for copies of documents in their possession, . . . which are necessary for the prisoner to file with the court or serve on a party to a lawsuit shall be loaned funds to pay for the copying. . . .

O. A prisoner may be required to present documentation (e.g., court rule, copy of the pleading) to show that requested copies are necessary. . . . If a loan is approved, it shall be considered an institutional debt and collected as set forth in PD 04.02.105 "Prisoner Funds."

Michigan Department of Corrections, Policy Directive 05.03.116, page 3 (effective Oct. 17, 2014).

In light of this policy directive, Plaintiff should have been able to acquire copies of his complaint and mail them to the Court. Accordingly, the Court summarily dismisses the complaint without prejudice for want of prosecution and

for failure to comply with a court order. *Link v. Wabash R. Co.*, 370 U.S. 626, 629-33 (1962); *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001); Fed. R. Civ. P. 41(b); LR 41.2 (E.D. Mich. March 2, 1998).


Dated: April 28, 2017                           s/Denise Page Hood
                                                Chief, U.S. District Court

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 28, 2017, by electronic and/or ordinary mail.

                                                s/LaShawn R. Saulsberry
                                                Case Manager