UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL R. JONES,

       Plaintiff,

v.                                     Case No. 16-14349
                                       Honorable Denise Page Hood

K. PARSONS, *et al.*,

       Defendants.

_____/

## **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

On October 17, 2016, plaintiff Samuel R. Jones commenced this action in the United States District Court for the Western District of Michigan by filing a *pro se* civil rights complaint. A United States Magistrate Judge in the Western District of Michigan allowed Plaintiff to proceed without prepayment of the filing fee for his complaint and then transferred Plaintiff's case to this District.

On receipt of the file in this District, United States Magistrate Judge R. Steven Whalen ordered Plaintiff to provide the Court with nine copies of his complaint for service on the nine defendants.[1] Plaintiff subsequently asked the Court to make copies of the complaint and exhibits for him because he did not have sufficient funds to make the necessary copies.

---

[1] The complaint consisted of nine pages with an additional fifty-five pages of attachments.

On April 28, 2017, the Court denied Plaintiff's request for copies and dismissed his complaint for want of prosecution. The Court pointed out that, although it could order the United States marshal to serve the complaint on the defendants, Plaintiff was required to furnish copies of his complaint pursuant to Federal Rule of Civil Procedure 4(c)(1). The Court also pointed out that the Michigan Department of Corrections has a policy directive that authorizes the Department to provide indigent prisoners with copies of court documents for a small fee and to loan prisoners funds to pay for the copies.

Now before the Court is Plaintiff's motion for reconsideration of the Court's order dismissing his complaint. Plaintiff states that he has made repeated attempts to have copies of his complaint made and that prison officials have failed to comply with his requests for copies. He further alleges that he was unable to seek resolution of the issue because he was placed on modified grievance access. He seeks to have the Court make the necessary copies or to order prison officials to make the copies.

This District's Local Rules provide that, generally,

> the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

LR 7.1(h)(3) (E.D. Mich. July 1, 2013). "A 'palpable defect' is a defect that is obvious, clear, unmistakable, manifest or plain." *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001).

As noted above, Federal Rule of Civil Procedure 4(c)(1) requires plaintiffs in civil actions to submit copies of their complaints to the person charged with serving the complaint on the defendants. Given this rule, the Court did not make an obvious, clear, unmistakable, manifest, or plain error when it held Plaintiff responsible for submitting copies of his complaint to the Court for service on the defendants. The Court also did not err in dismissing this case for want of prosecution when Plaintiff failed to comply with the Court's deficiency order. Accordingly, Plaintiff's motion for reconsideration (ECF No. 10) is denied.

S/Denise Page Hood  
Denise Page Hood  
Chief Judge, United States District Court

Dated: January 31, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 31, 2018, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry  
Case Manager